ROBERT AND TERESA BOYER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boyer v. Commissioner
Docket No. 9184-87.
United States Tax Court
T.C. Memo 1988-220; 1988 Tax Ct. Memo LEXIS 248; 55 T.C.M. (CCH) 871; T.C.M. (RIA) 88220; May 16, 1988. Randall M. Reves, for the petitioners. Ruud L. Duvall, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge:[1] Respondent determined an $ 837 deficiency in petitioners' Federal income tax for 1984. The sole issue presented for decision is whether a distribution from a profit sharing plan received by petitioner Robert Boyer (hereinafter *249 "petitioner") qualifies to be taxed under the 10-year averaging method provided by section 402(e)(1). [2]
This case was submitted for decision on fully stipulated facts pursuant to Rule 122. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners resided in Columbus, Ohio, when they filed their petition herein. They filed a joint Federal income tax return for calendar year 1984. Petitioner was employed by Viking Party Sales, Inc. on June 30, 1976, and became a participant in its profit sharing plan on June 30, 1979. He received a distribution of the balance of his profit sharing account on September 21, 1984, after having left the service of Viking Party Sales, Inc. Petitioners reported the distribution on their 1984 joint Federal income tax return and used the 10-year averaging method *250 provided by section 402(e)(1) to compute their tax liability on it. Respondent audited the return and determined that petitioners were not entitled to use the 10-year averaging method to compute their tax liability on the distribution as petitioner was not a participant in the profit sharing plan for at least five taxable years before 1984. Distributions qualify to be taxed under the provisions of section 402(e)(1) only if they are "lump sum" distributions. Sec. 402(e)(1)(A). A distribution qualifies as a "lump sum" distribution only if, among other things, the person receiving it was a participant in the plan "for 5 or more taxable years before the taxable year in which such amounts are distributed." Sec. 402(e)(4)(H). Respondent argues that petitioner was not a participant in the plan maintained by Viking Party Sales, Inc. for 1979, and therefore was not a participant in the plan for five taxable years before 1984. We disagree. Section 1.402(f)-1T(b), Temp. Income Tax Regs., 50 Fed. Reg. 29378 (July 19, 1985), addresses the circumstances in which taxpayers may elect to have distributions taxed under the 10-year averaging method. That section states, in relevant *251 part, that the "10-year averaging may not be elected unless the employee participated in the plan making the distribution for any part of at least five years." (Emphasis added.) The foregoing sentence makes it clear that when a taxpayer participates in a plan for any part of a year, the year counts toward the five years required to qualify a distribution as a lump-sum distribution.[3] We accordingly conclude that petitioner was a participant in the plan for 1979. As it is clear from the stipulated facts that petitioner was also a participant in the plan for 1980, 1981, 1982, and 1983, we hold that the distribution he received qualifies to be taxed under the 10-year averaging method provided by section 402(e)(1). *252 To reflect the foregoing, Decision will be entered for the petitioners.
Footnotes
1. By order of the Acting Chief Judge, this case was reassigned to Judge Jules G. Korner III for opinion and decision. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
3. No temporary or final regulations have been issued specifically interpreting the provisions of sec. 402(e)(4)(H). Respondent relies on sec. 1.402(e)-2(e)(3), Prop. Income Tax Regs., 40 Fed. Reg. 18809 (1975), in reaching his determination. That provision provides, as is relevant here, that no amount shall be treated as a "lump sum" distribution unless the recipient of the distribution "has been a participant in the plan for at least 5 full taxable years of such employee (preceding his taxable year in which such amount is distributed or paid)." (Emphasis added.) The provision is a proposed regulation. Proposed regulations are not entitled to judicial deference, and carry no more weight than a position advanced on brief by respondent. Freesen v. Commissioner,84 T.C. 920, 939 (1985), revd. on other grounds 798 F.2d 195 (7th Cir. 1986); Natomas North America, Inc. v. Commissioner,↩ 90 T.C.    n. 11 (April 18, 1988).